[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 158.]

IN RE APPLICATION OF JOHN DOE II.

[Cite as *In re Application of John Doe II*, 2002-Ohio-3609.]

*Attorneys at law—Application to take Ohio Bar Examination denied so that Supreme Court has a longer period to evaluate applicant's ability to maintain the medication regimen and health necessary for the regulation of applicant's bipolar disorder—Applicant granted permission to reapply for February 2003 bar examination—Record of proceedings sealed.*

(No. 2002-0494—Submitted May 22, 2002—Decided July 31, 2002.)

ON REPORT of the Board of Commissioners on Character and Fitness of the Supreme Court, No. 219.

————————————

**Per Curiam.**

{¶1} The Board of Commissioners on Character and Fitness of the Supreme Court has recommended that the applicant, John Doe II, not be approved for admission to the practice of law in Ohio based on his current application, but that he be permitted to reapply to take the July 2002 bar exam and that he be required to submit medical evidence substantiating his sustained psychological well-being. We agree that Doe's application should be denied now, but we require a longer waiting period to allow us to evaluate his ability to maintain the medication regimen and health necessary for the regulation of his bipolar disorder. Accordingly, we deny Doe's application for admission to the bar and grant him permission to reapply for the bar exam in February 2003. We further order that the record of proceedings in this case be sealed.

Judgment accordingly.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

————————————

**ALICE ROBIE RESNICK, J., concurring in part and dissenting in part.**

{¶2} I agree with the majority that the applicant should be permitted to reapply for the February 2003 bar examination. However, I disagree with the majority's decision to order that the record of proceedings in this case be sealed, since all matters of this nature should be open to the public.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

John Doe II, pro se.

Robert E. Sweeney Co., L.P.A., and John L. Goodman, for Joint Admissions Committee of the Cleveland/Cuyahoga County Bar Association.

_____